AUDITOR GENERAL *v.* KEWEENAW ASSOCIATION.

1. TAXES—VALIDITY—LAW OF 1891—CURATIVE PROVISIONS.
   Under the liberal curative provisions of the tax law of 1891, any irregularity or omission in the proceedings to levy or collect a tax, which is not jurisdictional, and does not prejudice the rights of the property owner, will not render the tax invalid.

2. SAME—RETURN OF DELINQUENT TAXES—NEGLECT OF COUNTY TREASURER.
   The failure of the county treasurer to enter the lists of delinquent tax lands returned by the several township treasurers on books in his office provided for that purpose, as required by section 46 of Act No. 200, Pub. Acts 1891, does not invalidate the taxes on such lands, where the original lists are put into permanent form and preserved in his office.

3. SAME—TRANSCRIPT OF DELINQUENT TAX LANDS—OMISSION OF CERTIFICATE OF COUNTY CLERK.
   The tax law of 1891 did not require the transcript of delinquent tax lands made by the county treasurer to be forwarded to the auditor general, or contemplate that it should serve as a basis for further proceedings; and, therefore, the failure of the county clerk to certify to the correctness of such transcript, as required by section 46 of the act, did not avoid the tax.

4. SAME—REAL PROPERTY—MANNER OF ASSESSMENT.
   A tax against lands is not invalid because they are assessed in the name of one other than the owner, or because no entry whatever appears upon the roll under the heading, " Name of Owner or Occupant," in the absence of a showing of prejudice.

5. SAME—VARIANCE BETWEEN ASSESSMENT AND TAX ROLLS.
   The failure to insert the name of the township and county in the blanks provided for that purpose at the top of each page of the tax roll does not render the roll so variant from the original assessment roll as to invalidate the tax, where the roll is otherwise sufficiently identified.

Appeal from Houghton; Hubbell, J.   Submitted November 19, 1895.   Decided December 17, 1895.

Petition by Stanley W. Turner, Auditor General, for the sale of certain lands delinquent for the taxes of 1892.

From a decree setting aside certain taxes upon objections filed by the Keweenaw Association, Limited, petitioner appeals. Reversed.

*Dunstan & Hanchette,* for petitioner.

*Irving D. Hanscom,* for defendant.

McGrath, C. J. This case comes here on appeal from a decree adjudging certain taxes assessed upon defendant's lands for the year 1892 to be void. The objections raised are:

1. That the county treasurer did not enter the delinquent lists furnished by the several township treasurers on the books in his office provided for that purpose, as required by section 46, Act No. 200, Pub. Acts 1891.

2. That the county clerk failed to add to the transcript the certificate of correctness required by said section 46.

3. That the assessment roll made by the supervisor was not made according to law, for the reason that certain of the property was not assessed in the name of the owner, or as unknown.

4. That the tax roll was not a copy of the assessment roll.

The curative provision of the act of 1891 (section 86) is very broad. It provides that no tax shall be void on account of real property having been assessed without the name of the owner, or in the name of any person other than the owner, or on account of any irregularity, informality, or omission, or want of any matter of form or substance, in any proceeding, that does not prejudice the rights of the person whose property is taxed; that the absence of any record of any proceeding, or the omission of any mention in any record of any proceeding that should appear, shall not invalidate the proceeding, if the fact that such proceeding was had is shown by any other record, statement, or certificate made evidence by the terms of the act; that no tax shall be invalidated by showing that any record, statement, certificate, affidavit, paper, or return cannot be found in the proper office, and,

unless the contrary is affirmatively shown, the presumption shall be that such record was made, and such certificate, statement, affidavit, paper, or return was duly made and filed.

The object of the provision requiring the county treasurer to enter the list of the delinquent tax lands on the books of his office would seem to be to serve the convenience of the office, and to put the list of delinquent taxes into permanent form. In the present case it seems that the county treasurer furnished to the supervisor for each township a blank book, upon which the copy of the township assessment roll was entered for the township treasurer, and that these books were surrendered to the county treasurer with the returns. While the statute contemplates a return of the roll, and a separate statement of delinquent tax lands, and an entry of the same upon books provided for that purpose, it cannot be insisted that, although the purpose of the statute has been subserved,—the original put into permanent form, preserved in the office, and made the basis of subsequent proceedings,—the tax has been invalidated because of a failure to comply strictly with the provisions of the statute. The transcript which is to be made and forwarded to the auditor general is not necessarily a transcript of the county treasurer's books, but "of all the descriptions of land returned as delinquent for unpaid taxes."

As to the second objection, the tax was assessed in 1892. The act of 1893 did not take effect until June 12, 1893. The act of 1891 did not require the transcript to be forwarded to the auditor general. As to the taxes of 1891 and 1892, the transcript so certified is not necessarily the basis for further proceedings. Section 123 of the act of 1893 (No. 206) provides generally for a transcript to be made by the county treasurer as to delinquent taxes for those years. The office of this transcript, under the act of 1891, is not apparent. It is not again referred to in the act. Section 46 of that act was taken from

former acts, but the provision, appearing in such former acts, requiring the forwarding of such transcript to the auditor general, was omitted. Tax sales under the act of 1891 were not predicated upon this transcript, but the county treasurer proceeded upon original papers appearing in his office, without reference to this transcript.

As to the third objection, it is not shown that defendant had any personal property in the township, or that its rights have been in any respect prejudiced by the omission to use the word "unknown" in the assessment roll.

As to the fourth objection, it appears that, in the heading of each page of the book in which the supervisor entered the copy of his roll for the use of the township treasurer, the blanks provided for the name of the township and county were not filled, but there appeared printed on the outside of each book an indorsement, such as "Hancock Township Assessment Roll of 1892," and attached was the warrant of the supervisor, directed to "Charles Linder, township treasurer of the township of Hancock, in the county of Houghton." We think that the roll was sufficiently identified. A failure to repeat the name of the township and county upon each page is not such a variance from the original as affects the roll. The utter carelessness of the officers intrusted with this important governmental function is lamentable, and deserves rebuke; but, on the other hand, owners of property cannot escape the payment of taxes properly levied where the defect complained of is not jurisdictional, and their rights have not been prejudiced by the omission.

The decree of the court below is reversed, and a decree directed for petitioner, and the record remanded.

The other Justices concurred.