FRANK RICE KYLE WILLIAMS AND F. J. GATES v.
WILLIAM A. FLETCHER.

Decided April 27, 1901.

Benefit Insurance—Assignment of Certificate to Beneficiary Not a Relative or Dependent.

The constitution of a fraternal benefit order provided for the payment of a death benefit fund to the family or heirs, widows, orphans, and dependents of its deceased members; and F., who was a member of such order, and a bachelor, designated his brother as the beneficiary in the certificate issued to himself. Afterwards he assigned the certificate to W., a minor, who was not related to him, nor dependent on him, no consideration being received for such transfer, and F. continuing to pay the membership dues up to the time of his death. Held, that the assignment was void, as W. could not be a beneficiary, and that the brother named in the certificate was entitled to the entire fund as against other brothers who were, with him, the only heirs of the deceased.

Appeal from Cooke. Tried below before Hon. D. E. Barrett.

*Davis & Garnett* and *Eldridge & Gardner,* for appellants.

*Green & Blanton,* for appellee.

HUNTER, ASSOCIATE JUSTICE.—This suit was brought in the District Court of Cooke County, Texas, on the 23d day of August, 1900, by the appellee, William A. Fletcher, against the Fraternal Mystic Circle, a benefit society, incorporated under the laws of Pennsylvania, and Frank Rice Kyle Williams, a minor without guardian, who was represented in this suit by W. O. Davis, guardian ad litem, appointed by the court. The object of the suit was to recover $1343.59 upon a benefit certificate issued upon the life of George D. Fletcher, a member of said Fraternal Mystic Circle, on the 25th day of November, 1893, payable to the appellee, William A. Fletcher, the said George D. Fletcher having died in July, 1900. The Fraternal Mystic Circle admitted its indebtedness on the policy to the amount of $1343.59, and paid the money into court, alleging that the plaintiff and the defendant Williams both claimed the money; prayed that it be discharged, that the plaintiff and the other defendant be compelled to interplead, and that it be paid to the one entitled thereto under the law. The deposit was received and the company discharged from further attendance or liability. F. J. Gates, administrator of George D. Fletcher's estate, intervened in the case and claimed the proceeds of the certificate, as did also three brothers of the deceased, claiming as his heirs,—the deceased being a single man and his father and mother both being dead. The case was tried before the court on December 13, 1900, and the trial resulted in a judgment in favor of William A. Fletcher for the fund on deposit, from which judgment said Davis, as guardian ad litem for said Williams, and said Gates, as administrator of the estate of George D. Fletcher, have appealed.

The Fraternal Mystic Circle is a benefit society, incorporated under the laws of Pennsylvania, with a branch at Gainesville known as Elmwood Ruling No. 430. The object of the society, as expressed in its charter, is, among other things, "the collection of dues and assessments from its members, to provide for the payment to its members, or their families, widows, heirs, blood relatives, or other dependents, benefits in case of sickness, disability, or death of its members, in compliance with its constitution, laws, and regulations." The constitution of said order' provides "for the payment of such sums of money to the family or heirs, widows, orphans, and dependents of deceased beneficial members, and to those of its beneficial members who may become permanently disabled by disease, accident, or age." Its constitution also provides that: "Its constitution, laws, rules, and regulations shall be a part of every contract of membership the same as though set out at length

therein." The by-laws, among other things, provide that a candidate for beneficial membership shall embody in his petition the name or names and residences of the member or members of his family or those dependent upon him, to whom he desires the benefits to be paid, subject to such further or other disposition of his benefits as he may thereafter direct in accordance with the laws of the order, and the same shall be embodied in his benefit certificate; provided, the children or heirs of a member may be designated as such without naming them. The by-laws also provide that a member in good standing may at any time surrender his benefit fund certificate, and may have a new one issued to such members of his family or dependents, as beneficiary or beneficiaries, as he may direct, upon the payment of a certificate fee of 50 cents, such surrender or direction to be made in writing, signed by the member making the same, and forwarded under the seal of the subordinate lodge, with the benefit fund certificate, to the supreme recorder. The by-laws further provide: "On the receipt and approval of the proof of death, or total disability of a member in good standing, or within sixty days thereafter, the supreme recorder shall draw an order upon the supreme treasurer in favor of the person or persons named in the benefit fund certificate for the amount due, and forward the same to the worthy recorder of the subordiate ruling in which the deceased or disabled was a member, or, in case of a member at large, payment shall be made as above to the beneficiary upon surrendering the benefit fund certificate, duly receipted, or upon proper vouchers in case of total disability."

On the 25th day of November, 1893, George D. Fletcher, a resident of Gainesville, Texas, and a bachelor 35 years of age, without family, was a member in good standing of said Elmwood Ruling No. 430, and continued to be a bachelor without family and a resident of said city of Gainesville until his death, which occurred in July, 1900, and said George D. Fletcher continued to be a member of said ruling up to the time of his death. On the 25th day of November, 1893, said Elmwood Ruling No. 430 issued to said George D. Fletcher, upon the blanks of the company, its benefit fund certificate No. 16,663, whereby said Fraternal Mystic Circle promised and bound itself to pay out of its benefit fund to his brother, William A. Fletcher, $1500, in accordance with and under the provisions of the laws governing said fund, upon satisfactory evidence of the death of said George D. Fletcher, provided said member should be in good standing in said order at the time of his death. Said George D. Fletcher, on July 23, 1896, made and assigned the following indorsement on said benefit fund certificate: "Elmwood Subordinate Ruling 430, F. M. C.—To the Supreme Recorder, Supreme Ruling: I hereby surrender and return to the supreme ruling for the Fraternal Mystic Circle the within certificate No. 16,663 for cancellation, and direct that a new rate certificate be issued to me, payable to Frank Rice Kyle Williams, related to me as friend and comrade." Said Fletcher presented said certificate and indorsement to F. H. Sherwood,

recorder of said Elmwood ruling, requesting that a new benefit certificate be issued payable to said Williams; but being informed by the said Sherwood that his beneficiary must be either a relative or dependent, said Fletcher thereupon wrote and signed the following paper: "Gainesville, Texas, July 25, 1896.—To Supreme Recorder and Officers of Supreme Ruling for the Fraternal Mystic Circle. Dear Sir: Having made application to Worthy Recorder F. H. Sherwood for a change of beneficiary in my policy No. 16,663 of November 25, 1893, and having been advised that my beneficiary must be related to or dependent upon me for support, which is not the case with my beneficiary named herein, I therefore, in accordance with the laws of the Fraternal Mystic Circle, do hereby assign and set over all my right, title and interest in policy No. 16,663, for valuable considerations, to my friend and comrade Master Frank Rice Kyle Williams, whose present residence is No. 20 Scott avenue, Gainesville, Texas, and I hereby command that my former beneficiary's name, William A. Fletcher, be erased from said policy, and that the same be paid in full, $1500, with all interest thereon, to my present beneficiary Frank Rice Kyle· Williams. [Signed] George D. Fletcher." Said George D. Fletcher, a few days thereafter, informed said Williams that he had assigned his benefit fund certificate so that he, Williams, would receive the money in case of his death; but the transfer or designation remained in the possession of said Fletcher until his death, and was found among his papers after his death.

The aforesaid transfers or designations were not solicited by said Williams, nor was any valuable consideration paid for the same, nor did said Williams, or anyone in his behalf, pay or agree to pay any membership dues or other moneys; but said George D. Fletcher paid all membership dues up to the time of his death. At the time of making such transfers or designations, said Williams was a minor, 10 years of age, residing with his father and mother at No. 20 Scott avenue, Gainesville, Texas, and was not related to said Fletcher or dependent upon him for support, but was then and has ever been supported by his father and mother. Said George D. Fletcher, at that time and for a few years prior thereto, had occupied a room at the residence of the father and mother of said Williams, for which he paid rent, but they were not related by blood or otherwise, but were merely friends. During the last three years of the life of said George D. Fletcher, he resided at Gainesville, Texas, while the said Williams resided with his parents at Cleburne, Texas.

The mother of said George D. Fletcher died in 1868, and his father died in the spring of 1893, before the issuance of said certificate to the said George D. Fletcher, and the appellee, William A. Fletcher, and John T. Fletcher, Charles F. Fletcher and Robert Fletcher are the brothers, next of kin and only heirs of said George D. Fletcher. The appellee, William A. Fletcher, is a few years older than his brother, said George D. Fletcher, and has been a married man and the head of a family for more than ten years, and a resident of Bastrop County, Texas,

and he and said George D. Fletcher had not visited or seen each other for at least ten years prior to the death of said George D. Fletcher, and said William A. Fletcher was not a member of the family of said George D. Fletcher or in any manner dependent upon him, and had no insurable interest in his life unless the bare fact of being a brother gives such interest. The benefit certificate was never delivered to the appellee William A. Fletcher, but remained in the possession of said George D. Fletcher and was found among his papers at the time of his death.

The learned district judge in his conclusions of law held, in effect, that while the transfer of the certificate made by George D. Fletcher was sufficient to pass the benefits of said certificate to Frank Rice Kyle Williams, if he had been a person who, by the charter, constitution, and laws of the association, could be a beneficiary in said certificate; yet, not being such, the transfer to him was void, and no right or interest in the fund passed thereby. Hence William A. Fletcher, being a brother and heir of the deceased, and being named in the certificate as beneficiary, is entitled to the fund.

We think his honor was correct in so holding, and his judgment is affirmed. See Cheeves v. Anders, 87 Texas, 287; Coudell v. Woodward (Ky.), 29 S. W. Rep., 614.

*Affirmed.*

Writ of error refused.