CASE 101.—ACTION BY THE SUPREME LODGE OF THE
PATHFINDER AGAINST MATTIE E. HAHN.—February 17, 1910.

# Hahn v. Supreme Lodge of the Pathfinder

Appeal from Jefferson Circuit Court (Chancery Branch, First Division).

SHACKELFORD MILLER, Judge.

From the judgment dismissing defendant's answer, counterclaim and cross-petition, she appeals.—Affirmed.

1. Interpleader—Proceedings—Judgment.—A motion for judgment on the pleadings against an insurer seeking the aid of the chancellor as to which of conflicting claimants should be paid the amount of certificates of insurance necessarily submits the whole case, so that a judgment dismissing the movant's answer, counterclaim and cross-petition is not premature, though the money has not been paid into court.

2. Insurance—Insurable Interest—Life Insurance.—Blood relationship in and of itself constitutes an insurable interest.

3. Insurance—Insurable Interest—Life Insurance.—The relationship between brothers is sufficient to give either an insurable interest in the life of the other.

4. Insurance—Mutual Benefit Insurance—Beneficiaries—Change—Marital Rights of Wife—"Property."—A certificate of insurance in a fraternal order is not "property" in the sense that a change in the beneficiary by the husband from the wife to some one else will of itself constitute a fraud on her marital rights.

5. Appeal and Error—Review—Presumptions.—In the absence of a bill of exceptions, the presumption is that the proof heard supports the chancellor's finding.

L. A. HICKMAN, HICKMAN & WATKINS, BOYCE WATKINS and L. F. WITHERS for appellant.

EDWARDS, OGDEN & PEAK for appellee.

OPINION OF THE COURT BY WM. ROGERS CLAY, COM-
MISSIONER—Affirming.

Isaiah Hahn, a resident of Jefferson county, Ken-
tucky, was a beneficial member of the Bankers' Fra-
ternal Union, a fraternal society. The latter issued
to him a certificate of insurance, in which the appel-
lant, Mattie E. Hahn, was named as beneficiary.
Isaiah Hahn was also a beneficial member of the Su-
preme Lodge of the Pathfinder, likewise a fraternal
society which insured its members. The latter issued
to him an insurance certificate, wherein the appel-
lant, Mattie E. Hahn, was named as beneficiary.
Thereafter, by proper proceedings had, the Bankers'
Fraternal Union was consolidated with the Supreme
Lodge of the Pathfinder. From that time on pay-
ment of the dues was made to the latter. Under the
constitution and laws of these fraternal orders pay-
ment of death benefits were made to the family,
heirs, blood relatives, affianced husband or affianced
wife, or to persons dependent upon the member. It
was further provided that a member in good stand-
ing might at any time change the beneficiary by mak-
ing application to the Supreme Secretary through
the collector of the subordinate lodge, upon blanks
furnished for that purpose, and upon paying there-
for a fee of 50 cents, which should accompany the
application.

In the month of February, 1907, and about six
months prior to his death, Isaiah Hahn elected to
change, and did change, the beneficiary named in
the two certificates above referred to. The beneficiary
named in the certificate issued by the Bankers' Fra-
ternal Union was changed from Mattie E. Hahn, his
wife, to his daughter, Mollie Hahn. The beneficiary
named in the certificate issued by the Supreme Lodge

of the Pathfinder was changed from Mattie E. Hahn to his brother, Norman S. Hahn. This action was instituted by the Supreme Lodge of the Pathfinder against Mattie E. Hahn, Norman S. Hahn, and Mollie Hahn. The petition sets forth the certificates and the change of the beneficiaries. It further avers that proofs of the death of Isaiah Hahn, which took place in the month of August, 1907, had been made by Mattie E. Hahn, and also by Norman S. Hahn and Mollie Hahn, and that Mattie E. Hahn was claiming to be entitled to the proceeds of the two certificates in which she was originally named as beneficiary, and that Norman S. Hahn and Mollie Hahn were also claiming to be entitled to the proceeds of the certificates in which they were named as beneficiaries. The action was brought for the purpose of having the court adjudge to whom the money should be paid. In the petition was an offer to pay the money into court. The petition concluded with a prayer that the conflicting claimants be required to answer and assert their respective claims to the funds in question.

To this petition Mattie E. Hahn filed an answer, counterclaim and cross-petition. After denying certain allegations contained in the petition, she affirmatively alleged that she was entitled to the proceeds of the two certificates originally issued, and in which she was named as beneficiary. She further pleaded, by way of cross-petition against Norman S. Hahn and Mollie Hahn, that the change in the beneficiaries and the issuance of the new certificates was not only obtained by undue influence and fraud, but that the act itself was in fraud of her marital rights. There was a further plea to the effect that she made payments on the certificates in which she

was named as beneficiary after the alleged change was made. All the allegations thus made were denied by appropriate pleadings.

Thereafter it appears that the Supreme Lodge of the Pathfinder was ruled to show cause why it should not pay the funds into court. To this rule a response was filed, which was deemed insufficient. Thereafter the rule was made absolute, and the Supreme Lodge of the Pathfinder directed to pay the funds into court. Subsequently Mattie E. Hahn moved the court for judgment on her counterclaim against the Supreme Lodge of the Pathfinder in the sum of $2,000, with interest, upon the face of the pleadings. The action being submitted upon this motion, the motion was overruled. Thereupon judgment was entered dismissing Mattie E. Hahn's answer, counterclaim, and cross-petition. From that judgment this appeal is prosecuted.

It is first urged by counsel for appellant that the action of the chancellor in dismissing her answer, counterclaim and cross-petition was premature, for the reason that there was no intention on appellant's part to submit the whole case. Inasmuch, however, as the Supreme Lodge of the Pathfinder sought the aid and advice of the chancellor as to which of the claimants should be paid the amount of the certificates, it was entitled to have the chancellor pass upon the relative rights of the claimants. Had appellant's motion been sustained, and judgment been entered in her favor, it would have deprived Norman S. Hahn and Mollie Hahn of their rights in the premises. A mere judgment against the Supreme Lodge of the Pathfinder in favor of the appellant would not have determined the whole case, unless the court had adjudged at the same time that the answers and cross-

petitions of Norman S. and Mollie Hahn should be
dismissed.  We conclude, therefore, that appellant's
motion for judgment against the Supreme Lodge of
the Pathfinder necessarily submitted the whole case.
While the Supreme Lodge of the Pathfinder should
have paid the funds into court, it would be highly
technical to hold that its failure to do so at the time
the motion to submit was made should subject it to
the payment of the claims of Norman S. and Mollie
Hahn, and also of appellant, Mattie E. Hahn.

It is next insisted that Norman S. Hahn, a brother
of Isaiah Hahn, had no insurable interest in the life
of the latter.  It is well settled in this state that an
insurable interest may arise from blood relationship
without regard to whether or not the beneficiary has
any pecuniary interest in the life of the insured, or
is dependent upon the latter.  Basye v. Adams, etc.,
81 Ky. 368.

It is true that under the English rule blood rela-
tionship alone is not sufficient, but that rule is based
upon a statute which is not in force in this state, nor,
as a matter of fact, in force in many of the states
which follow the English rule.   If blood relation-
ship in and of itself constitutes an insurable interest,
certainly the relationship of one brother to another
is sufficiently close for that purpose.

In the case of Hess' Admr. v. Segenfelter, &c., 127
Ky. 348, 105 S. W. 476, 14 L. R. A. (N. S.) 172,
128 Am. St. Rep. 343, this court cited with approval
cases holding that one brother had an insurable in-
terest in the life of another.  While the question was
not directly in issue in that case, the whole question
of insurable interest was carefully gone over and
considered, and the reasoning of that opinion is emi-
nently sound.

The language of that opinion was also afterwards quoted with approval in the case of Woods, et al. v. Woods' Admr., 130 Ky. 162, 113 S. W. 79, 19 L. R. A. (N. S.) 233. In the case of Hess's Admr. v. Segenfelter, &c., supra, this court said:

"Generally the courts have endeavored to make insurable interest dependent on the question that pecuniary loss would presumably result to the beneficiary from the death of the insured; but where the relationship, as in the case of husband and wife, parent and child, sister and brother, is so close as to preclude the probability that mercenary motives would induce the sacrifice of life to gain the insurance, the element of pecuniary consideration is not deemed essential to sustain the validity of the policy."

Following the reasoning of the above opinion, we conclude that the relationship of brother to brother is sufficiently close to give either an insurable interest in the life of the other.

Counsel for appellant further contend that Isaiah Hahn's action in having new certificates issued, wherein his daughter and brother were named as beneficiaries, was a fraud upon appellant's marital rights. In support of this position we are cited to several cases. The case of Bickel, &c. v. Bickel, Exor., &c., 79 S. W. 215, 25 Ky. Law Rep. 1945, does not sustain appellant's contention. There the policy was in an old line insurance company and there was proof of actual fraud. Nor is the case of Gaines, &c. v. Gaines, 99 S. W. 600, 30 Ky. Law Rep. 710, in point. There the policy of insurance was in a mutual or assessment company. It was payable to the insured's legal representatives. This court held that the policy of insurance was the insured's prop-

erty, and, being his property, he could not dispose of it with the fraudulent intent to defeat the marital rights of his wife. In the recent case of Grand Lodge, Ancient Order of United Workmen of Kentucky v. Denzer, 110 S. W. 882, 32 Ky. Law Rep. 643, the question of the rights of the beneficiary in and to a certificate of insurance in a fraternal order, and of the power of the member to change the beneficiary, was fully discussed. There it was held that the beneficiary during the life of a member can have no more than a mere expectancy, resting entirely upon the volition of the member, and this cannot, during the member's life, rise to the dignity of a vested property right.

It is no more than the mere expectancy of a legatee or devisee, which, although it may be recognized by one will, may be defeated and extinguished by the execution of a subsequent will. The final power of disposition rests in the testator or member so long as he lives. And as a matter of fact, a member himself has no property interest in the certificate of insurance. The validity of the certificate depends upon the continuance of membership and payment of dues. The premiums required are much lower than those demanded by regular insurance companies. Whenever a member ceases to pay, the insurance ceases. The certificate has no paid up or extended insurance value, nor has it any cash value. It is not, then, property in the sense that a change in the beneficiary by the husband, from the wife to some one else, would of itself constitute a fraud upon the material rights of the wife.

Furthermore, the evidence, if any, which was heard in the court below, is not now before us. There is therefore no proof of actual fraud; and, for aught

we know, the conduct of the wife may have been sufficient to justify the husband in making the change. In the absence of a bill of exceptions the presumption is that the proof heard supports the finding of the chancellor.

For the reasons given, the judgment is affirmed.