The complaint was as follows:
"1. That plaintiff is a religious corporation, located at Durham, N.C. and controlled by the Methodist Episcopal Church (South) of North Carolina.
"2. That defendant is a corporation organized and doing business under the laws of the State of Connecticut.
"3. That on 23 August, 1893, Edward Samuel Sheppe, of Durham, county of Durham, State of North Carolina, applied to said defendant for a policy of life insurance for $1,250 upon his own life, for the benefit as in said application expressed, of "Trinity College, Durham, N.C. a religious corporation, sustained and controlled by the Methodist Episcopal Church (South) of North Carolina, of which church applicant is a member'; and that thereafter, to wit on 5 September, 1893, said plaintiff having paid the premium demanded therefor by said defendant, said defendant, in consideration of such premium and the application therefor by said Sheppe, issued and delivered to plaintiff its policy No. 75,658, by which it insured the life of said Sheppe for the sum of $1,250, payable upon acceptance by said company of satisfactory (246) proof of his death, as therein expressed, to `Trinity College, of Durham, N.C. a religious corporation, sustained and controlled by the Methodist Episcopal Church (South) of North Carolina, of which church the said E. S. Sheppe is a member.'"
(Paragraphs 4 and 5 relate to the agreement of the company to pay the cash-surrender value, etc., the surrender of the policy, and demand for the payment of such cash-surrender value.)
"6. That at the time of said application and at the date of issue of said policy said Sheppe was, and he is now, a member of said Methodist Episcopal Church (South) of North Carolina in good and regular standing.
"7. That said plaintiff is supported and maintained by voluntary contributions, gifts, bequests and devises from members of said church, and by yearly assessments levied by the conferences of said church upon the various churches composing such conferences, which are paid by the members of said churches, and that but for such contributions, gifts, bequests, devises and assessments said plaintiff would fail of that support which is necessary to its useful existence.
"Wherefore, plaintiff demands judgment that it recover of said defendant the sum of $275, with interest, etc."
The demurrer was as follows:
"The defendant demurs to the complaint filed in this action, and assigns as grounds for demurrer that the said complaint does not state facts constituting a cause of action: *Page 181 
"1. For that it appears in said complaint that the plaintiff corporation, Trinity College, has no insurable interest in the life of the assured, E. S. Sheppe, and that the said corporation has paid to the defendant all the premiums that have been paid on said policy of insurance.
"2. For that is appears in said complaint that the contract of insurance sued upon was but a wagering contract entered into by the said plaintiff and defendant, the said plaintiff having, at the time the said contract was entered into, and still having, no interest in the continuance of the life of the assured, E. S. Sheppe, and said (247) contract being such a wagering contract, is against public policy and cannot be enforced.
"3. For that while it appears in said complaint that the assured, E. S. Sheppe, filed application for the policy of insurance, it appears that the plaintiff paid the premiums and was the real party in making said wagering contract, and therefore cannot be permitted to recover on it.
"4. For that it appears in the complaint that the contract of insurance provided for the payment of the cash surrender value upon the legal surrender of the policy, and it appears that the attempted and alleged surrender was made by the plaintiff only, and during the lifetime of the assured, which attempted and alleged surrender was not legal, the assured not joining in it.
"Wherefore, defendant demands judgment that the said complaint does not state facts constituting a cause of action, and that it go without day and recover its costs."
His Honor sustained the demurrer and dismissed the action, and plaintiff appealed.
It is said in May Insurance, sec. 102 a, that "to have an insurable interest in the life of another one must be a creditor or surety, or be so related by ties of blood or marriage as to have reasonable anticipation of advantage from his life," and that an insurable interest in the life of another is "such an interest arising from the relation of the party obtaining the insurance, either as creditor of or surety for the assured, or from ties of blood or marriage to him as will justify a reasonable expectation of advantage or benefit from the continuance of his life."
Accepting these definitions as those which are to be deduced from all the adjudged cases, and leaving out of consideration (248) *Page 182 
those cases in which the fact that there was an insurable interest was dependent upon the existence of ties of blood or marriage, we find that this author asserts substantially that in cases where there exists no ties of blood or marriage, one can have an insurable interest in the life of another only when he is the creditor of or the surety for the assured. Under certain conditions a partner has an insurable interest in the life of his copartner. Insurance Co. v. Luchs, 108 U.S. 498. So one who is interested pecuniarily in the future earnings of another under a contract with him has an insurable interest in his life. Bain v. Insurance Co.,23 Conn. 244. These instances and others that might be mentioned seem to show that, except in cases where there are ties of blood or marriage, the expectation of advantage from the continuance of the life insured, in order to be reasonable, as the law counts reasonableness, must be founded in the existence of some contracts between the person whose life is insured and the beneficiary, the fulfillment of which the death will prevent — it must appear that by the death there may come damage which can be estimated under some rule of law, for which loss or damage the insurance company has undertaken to indemnify the beneficiary under its policy. When this contractual relation does not exist and there are no ties of blood or marriage, an insurance policy becomes what the law denominates a wagering contract, and under its rules, made and enforced in the interest of the best public policy, all such contracts must be declared illegal and void, no matter what good object the parties may really have in view. The end will not, in the eye of the law, justify the means.
No error.
Affirmed.
Cited: Albert v. Ins. Co., 122 N.C. 94; Powell v. Dewey, 123 N.C. 105;Hinton v. Ins. Co., 135 N.C. 321; Victor v. Mills, 148 N.C. 116;Hardy v. Ins. Co., 152 N.C. 291.
(249)