W. H. ALBERT and wife v. THE MUTUAL LIFE INSURANCE COMPANY, of New York.

(Decided May 24, 1898).

*Action on Life Insurance Policy—Life Insurance— Insurable Interest—Beneficiary in Life Insurance Policy — Misrepresentations—Evidence — Exceptions —Practice—Trial—Quarterly Payment of Premiums.*

1. A policy of insurance, payable to one who has no insurable interest in the life of the insured, is valid if applied for and obtained in good faith and kept in force by the payments of the premiums thereon by the insured.

2. Under Sections 8 and 9 of Chapter 299, Acts of 1893, all statements contained in an application for insurance made in this State, or in the policy itself, are deemed to be representations and not warranties, and, hence, misrepresentations as to the age and health of an applicant and as to certain diseases, which the applicant is supposed to have had, do not vitiate a policy unless they materially contributed to the loss or fraudulently evaded the payment of the

increased premium, and ordinarily such representations and their effect are questions for the jury and not for the Court.

3. Exceptions to testimony offered by one party cannot be sustained when the same facts were testified to by the other party's own witness, especially where such witness was the latter's agent, since his admissions, while having the business in hand, were competent against his principal.

4. In the trial of an action on a life insurance policy, plaintiffs were rightly allowed to offer such policy in evidence without the application, since the policy constituted the contract on which the suit was brought and the application, which was no part thereof, was in the possession of the defendant.

5. It is not error on the trial of an action to refuse to submit issues tendered by a party when they are practically covered by the issues already submitted to the jury.

6. In the trial of an action on a life insurance policy, it was proper to admit the testimony of expert physicians who, as medical examiners for the defendant company, had passed upon the application on which the policy was issued and one of whom had personally examined the applicant.

7. Where the annual premium on a policy of life insurance, primarily payable in advance, was by express stipulation made payable quarter yearly in advance and the insured died after the payment of the first quarterly installment, the insurance company is entitled, in an action on the policy, to have the three remaining installments for the current year deducted from the amount of such policy.

CIVIL ACTION to recover the amount of an insurance policy upon the life of Margaret Ann Gardner and payable to the plaintiff, Mary C. Albert, her step-daughter, tried before *Bryan, J.*, and a jury at May Term, 1897, of BEAUFORT Superior Court. There was a verdict for the plaintiff and defendant appealed, assigning numerous errors. The facts necessary to an understanding of the opinion are set out therein.

*Messrs. Chas. F. Warren* and *J. H. Small, contra.*
*Mr. W. B. Rodman,* for defendant (appellant).

DOUGLAS, J.: This is an action brought on a policy of insurance issued upon the life of Margaret A. Gardner, who was the step-mother of the *feme* plaintiff, to whom the policy was payable on its face. The insured died within two months after the issuance of the policy, and the defendant refuses to pay the same, alleging that the plaintiff husband had paid the premium and that, as neither of the plaintiffs had any insurable interest in the policy, it was void as a wagering contract.

The jury, as instructed by the Court, found that the plaintiffs had no insurable interest ; but they also found that the insured had herself taken out the policy and paid the premium. This finding, in support of which there was at least more than a scintilla of evidence, disposes of that defence and of all exceptions based thereon. It is, therefore, not necessary for us to decide whether a step-daughter has an insurable interest; and therefore the cases of *Burbage* v. *Windley*, 108 N. C., 357, and *Trinity College* v. *Insurance Co.*, 113 N. C., 244, have no application. In those cases the premium was paid by the beneficiary, while in the case at bar the premium was paid by the insured, as found by the jury. There can be no doubt that a policy of insurance is valid when taken out in good faith and the premium paid thereon by the insured.

The principle is well stated in *Campbell* v. *Insurance Company*, 98 Mass. 381, 389, where the beneficiary was the sister-in-law of the insured, as follows: "The policy in this case is upon the life of Andrew Campbell. It was made upon his application; it issued to him as the assured; the premium was paid by him; and he thereby became a member of the defendant corporation. It is the interest of Andrew Campbell in his own life that supports the policy. The plaintiff did not, by virtue of

the clause declaring the policy to be for her benefit, become the assured.   She is merely the person designated by agreement of the parties to receive the proceeds of the policy upon the death of the assured. . . . It was not necessary, therefore, that the plaintiff should show that she had an interest in the life of Andrew Campbell, by which the policy could be supported as a policy to herself as the assured." The same principle is recognized in 1 May on Insurance, Section 112; 2 Id. Section 399e; 2 Beach Ins. Section 853; Bliss on Ins., Section 26; *Scott* v. *Dickson*, 108 Pa. St 6, 16.

The defendant in its answer further alleges that the insured gave false answers in her application, as to her age, her health and certain diseases which she is supposed to have had; and that. as such answers became warranties, they absolutely nullified the policy. The defendant is doubly unfortunate in this part of its answer, as the jury have denied its allegations of fact, and we feel compelled to overrule its conclusions of law. The Act of March 4, 1893, Chapter 299 of the Public Laws of 1893, provides as follows: "Section 8. All contracts of insurance, the application for which is taken within this State, shall be deemed to have been made within this State and subject to the laws thereof."

"Section 9. All statements of descriptions in any application for a policy of insurance, or in the policy itself, shall be deemed and held representations and *not warranties;* nor shall any misrepresentation, unless material or fraudulent, prevent a recovery on the policy." This law applies to all policies of insurance, both of fire and of life; and unless such misrepresentations materially contribute to the loss, or fraudulently evade the payment of the increased premium, they do

not vitiate the policy. Ordinarily, these are questions of fact for the jury and not for the Court.

We see no error in the refusal of the Court to submit the issues tendered by the defendant, as they are practically covered by the issues that were submitted. Of course, if the insured herself took out the policy and paid the premium, the policy was not taken out and the premium was not paid by either of the plaintiffs. Again, we find that there was sufficient evidence on these issues to go to the jury and we see no reason to disturb their verdict, as no material error appears in the charge, which was full, fair and intelligible. Nearly all of the defendant's numerous prayers were given.

The first, tenth, eleventh and twelfth were properly refused, as they would practically have left nothing for the jury to determine. It is impracticable to answer in detail each of the 23 exceptions filed by the defendant, and it would be equally useless to do so. The motion to non-suit the plaintiff under Chapter 109 of the Laws 1897, the *fons malorum* that has already given us so much trouble, was properly refused, as there was ample evidence to go to the jury.

The second and third exceptions cannot be sustained, as the same facts were testified to by Sudderth himself, the defendant's own witness. Moreover, the admissions of an agent, while he has the business in hand, are competent against the principal. *Howard* v. *Stubbs*, 51 N. C., 372; *McComb* v. *Railroad*, 70 N. C.; 178; *Sutherland* v. *Railroad*, 106 N. C., 106.

As to exception 4, the plaintiffs had a right to offer in evidence the policy of insurance, as it was the contract upon which the suit was brought, and were not required to introduce the application, which was no

part of the policy, and which moreover was in the possession of the defendant.

We see no error in the ruling out of leading questions and the questions allowed on the cross examination of the defendant's witnesses.

The testimony of Doctors D. T. and Joshua Tayloe was competent. Both were expert physicians, were medical examiners of the defendant company, had passed upon the application, while one of them had personally made the examination. Particular objection was made to their explaining the meaning of the word "paralysis." Both were medical experts; but whether they were or not, they certainly are presumed to know what they themselves meant by the use of the word "paralysis" in their reports to the defendant company, which employed and paid them. It is a singular fact that the application was signed by the insured in blank, and entirely filled out by the agent of the defendant. It may seem singular that the insured should die so soon after the issuing of the policy, but it seems morally impossible that she should have had at that time the vast complications of diverse diseases alleged by the defendant without some of them being discovered by the examining physician, whose character and professional standing have not been questioned, and whose position as agent of the defendant would remove any suspicion of partiality towards the insured.

For these reasons, we see no error in the judgment so far as the amount of the policy itself is concerned, but from this amount should be deducted the unpaid portions of the premium for the current insurance year, that is, for the three remaining quarters. This is in exact accordance with the express terms of the contract, and does not seem to us an unreasonable stipulation.

122—7

As we understand it, all policies are calculated for the year beginning with the date of issue, and the entire yearly premium is primarily payable in advance. If the insurer indulges the insured by accepting quarterly payments, it is a favor to him of which his representatives cannot take advantage to the prejudice of the insurer.

Therefore, the amount of the three unpaid quarters must be deducted from the amount of the policy in the nature of a set off, and judgment rendered in favor of the plaintiffs for the difference. The judgment of the Court below is modified and affirmed.

Affirmed.