EMMA H. POWELL, Executrix of A. H. Powell, v. THOMAS W. DEWEY and THE MUTUAL BENEFIT LIFE INSURANCE COMPANY.

(Decided November 1, 1898.)

*Insurable Interest—Void Policy—Partner.*

1. A partner, simply as such, where there is no capital invested, and neither indebted to the other, has no insurable interest in the life of his co-partner.

2. Where a partner is the beneficiary in a policy upon the life of his co-partner, and the policy is assigned to him, and he pays the premiums and receives the insurance money at death of insured, the policy is void, and no action for the insurance money can be maintained by the personal representative of the insured, either against the insurance company or the beneficiary.

CIVIL ACTION for recovery of amount of insurance upon the life of A. H. Powell, deceased, heard by *Brown, J.,* upon agreed facts at February Term, 1898, of the Superior Court of CRAVEN.

A. H. Powell, the insured, and defendant, T. W. Dewey, were equal partners in a general life and fire insurance business in Newbern, N. C. No capital was invested and neither was indebted to the other. Each gave personal attention to the business of the firm. It commenced prior to 1893 and terminated by mutual consent April 20, 1893, and a final settlement had April 28th, 1893.

Said policy was issued February 25th, 1893, and as-

signed the same day in writing by A. H. Powell to T. W. Dewey, the assignment to be operative and binding on them when approved by the company.  It was so approved and returned to Dewey.  All premiums were paid by him.

After Powell's death and prior to the payment of the money, the company received a written protest from the plaintiff against the payment to Dewey on the 28th October, 1896.  The said company thereafter paid defendant Dewey $1904, the full amount due on said policy on November 28, 1896.

As a matter of law the Court was of opinion: That said assignment was valid; that Dewey had an insurable interest in the life of his co-partner; that it did not terminate with the co-partnership, so as to avoid the assignment and contract of insurance.

That upon all the facts, plaintiff is not entitled to recover—wherefore it is adjudged that defendants go without day and recover costs to be taxed by the Clerk.

Plaintiff excepted and appealed.

*Messrs. Simmons, Pou & Ward* and *Mr. M. De W. Stevenson*, for plaintiff (appellant).

*Messrs. W. W. Clark, O. H. Guion, P. H. Pelletier* and *Shepherd & Busbee*, for defendants.

MONTGOMERY, J.:  This case differs from that of *Albert* v. *Insurance Co.*, 122 N. C., 92, in one most material respect.  In that case the person whose life was insured paid all the premiums, and the Court did not find it necessary to decide whether the beneficiary had an insurable interest in the life of the insured person.  In the case before us, at the very time when the policy was issued, in which the life of the plaintiff's intestate was insured,

there was an assignment of the policy to the beneficiary (the defendant Dewey) who paid the first and all of the premiums.

The first question that presents itself in the case is, Did the defendant have an insurable interest in the life of Powell, the plaintiff's intestate. The defendant avers that he did, and that the policy was duly and legally assigned to him by the intestate. The ground. of this averment is that the plaintiff and intestate were co-partners. No particulars of the partnership are set out. There is no averment that the deceased co-partner Powell was indebted to the defendant or to the partnership in any amount, or that the deceased was to furnish any labor, skilled or otherwise, as his contribution in lieu of money.

Upon such conditions we are of the opinion that the defendant had no insurable interest in the life of the deceased partner. In the case of *Trinity College* v. *Ins. Co.*, 113 N. C., 244, this Court said that "under certain conditions a partner has an insurable interest in the life of his co-partner," and cites *Ins. Co.* v. *Luchs*, 108 U. S., 198. There, the fact was that Luchs had furnished to the co-partnership fund for his co-partner Dillingburgh, $5,000, which was unpaid. We suppose that was the condition referred to in the opinion in the Trinity College case, under which a partner might have an insurable interest in the life of his co-partner. It is true that in *Ins. Co.* v. *Luchs, supra,* the Court said that the continuance of the partnership was also a reasonable expectation of advantage to Luchs and gave him an insurable interest in the life of his co-partner. But we are of the opinion that that position is against the weight of authority. The policy being void, then, because the defendant had no insurable interest in the life

of Powell, no action could have been maintained on it by the defendant against the insurance company. *Windley* v. *Burbage*, 108 N. C., 358. Neither can the plaintiff maintain this action, for, looking at it in any view, it has its foundation on the policy, which is void. *Windley* v. *Burbage, supra.*

The plaintiff's counsel cited to us *Cheeves* v. *Anders*, 87 Texas, 287, and Am. & Eng. Enc., vol. 3, page 592, to show that the next of kin or the personal representative of the assignor of a void policy could, in an action against the beneficiary in such a policy, recover the amount which had been paid to him by the Insurance Company. But we cannot see the principle upon which these authorities are based, and the decisions themselves do not give reasons for their existence. Besides, that position has been condemned in *Windley* v. *Burbage, supra.*

No error.