JOHN VAN DYKE v. CHADWICK-HOSKINS COMPANY.

(Filed 7 May, 1924.)

**Negligence—Employer and Employee—Damages—Proximate Cause—Intervening Cause—Indictment.**

In an action to recover damages by an employee of a corporation on the ground that defendant's vice-principal sent him with a message to another and dangerous employee, unknown to plaintiff at the time, which resulted in the plaintiff knocking him down in self-defense and killing him, and being tried for manslaughter and acquitted: *Held*, the plaintiff's humiliation and expense in being indicted are too remote for a recovery of damages, and the State alone being an independent and intervening cause of the indictment, the proximate cause of the damages alleged was not that of the defendant, and a judgment as of nonsuit on the evidence, on defendant's motion under the statute, was properly allowed.

CLARKSON, J., did not sit.

APPEAL by plaintiff from *Harding, J.*, at September Term, 1923, of MECKLENBURG.

Civil action to recover damages for an alleged negligent injury.

From a judgment of nonsuit, entered on motion of the defendant after the plaintiff had introduced his evidence and rested his case, plaintiff appeals.

*J. F. Flowers for plaintiff.*
*Tillett & Guthrie for defendant.*

STACY, J.   There was allegation and evidence tending to show that plaintiff, an employee in defendant's cotton mill, was instructed by · W. M. Kirby, an overseer with authority to give such direction, "to go to the weave room and get the air hose and come by the machine shop and tell Mr. Blackwell to turn on the air in the card room." It was Blackwell's duty to turn on the air when so requested. Plaintiff sought to show that Blackwell bore the reputation around the mill of being an erratic and dangerous man, and that this was unknown to him at the time. When plaintiff delivered his message, it seemed to irritate Blackwell; he began cursing the overseers, ordered plaintiff out of the machine shop and advanced towards him in a threatening attitude with a piece of gearing in his hand. In consequence of this conduct plaintiff struck Blackwell in the mouth with his fist and knocked him to the concrete floor. From the injuries thus received, Blackwell died that night. The plaintiff was a young, strong, vigorous man, while Blackwell was frail and delicate, 65 .years of age, and weighed about 85 pounds.

As a result of Blackwell's death, the plaintiff was arrested and tried for manslaughter. The jury returned a verdict of "not guilty." Plaintiff brings this suit to recover damages of ·the defendant for time lost, humiliation suffered on account of being put in jail and tried for manslaughter, lawyer's fees and other like charges arising, as he alleges, out of his being indicted and tried· for the killing of Blackwell.

There is no allegation or evidence tending to show that .the defendant had anything to do with plaintiff's arrest, or subsequent indictment and trial. The action is not for false arrest or malicious prosecution, but plaintiff seeks to recover damages by reason of the defendant's alleged negligence in sending him into a known place of danger.

The specific alleged negligent act of which the plaintiff complains is that Kirby instructed him to go to the machine shop of the defendant's mill and tell Blackwell to turn on the air in the card room; that Kirby, with knowledge of Blackwell's reputation of being "an erratic and dangerous man," failed to notify plaintiff of this circumstance, and that said conduct on Kirby's part was such negligence as entitles the plaintiff to maintain this action against the defendant.

The only concrete evidence tending to show Blackwell's reputation was that on one occasion when Kirby went to the machine shop Blackwell talked to him in a manner "not proper to the occasion"; and at another time he made a demonstration towards Mr. Whitaker, a co-employee, and laughingly put a handful of iron shavings in his collar. Kirby said he sent the plaintiff down to the machine shop to keep from going himself because he had had trouble with Blackwell three days before.

VAN DYKE *v.* CHADWICK-HOSKINS CO.

It will be observed that the plaintiff was not injured by Blackwell; he had no trouble in defending himself; his arrest and subsequent trial were not brought about at the instigation of the defendant, but this was done by the State, an intervening, independent agency. We think the defendant's motion for judgment as of nonsuit was properly allowed.

In order to establish a case of actionable negligence in a suit like the present, the plaintiff must show, first, that there has been a failure to exercise proper care in the performance of some legal duty which the defendant owed the plaintiff, under the circumstances in which they were placed, proper care being that degree of care which a prudent man should use under like circumstances when charged with a like duty; and second, that such negligent breach of duty was the proximate cause of the injury—a cause that produced the result in continuous sequence and without which it would not have occurred, and one from which any man of ordinary prudence could have foreseen that such a result was probable under all the facts as they existed. *Ramsbottom v. R. R.,* 138 N. C., 41.

We think the damages sought to be recovered by the plaintiff are too remote, even if Kirby were negligent in giving the order in question, which is not conceded. In *Johnson v. R. R.,* 184 N. C., p. 104, the pertinent rule is stated by *Walker, J.,* as follows: "The rule in actions *ex delicto* is that the damages to be recovered must be the natural and proximate consequence of the act complained of. This is the rule when no malice, fraud, oppression, or evil intent intervenes. The damages which may be considered as arising naturally, according to the usual course of things, from the breach of the contract, are substantially the same as damages which are the natural and proximate consequences of the wrong complained of. There is one principal difference in the element of damages obtaining in breach of contract and consequential damages arising from a tort. In the one case damages are recovered, as a rule, on relevant facts in the reasonable contemplation of the parties at the time the contract is made, and in the other on the facts existent, or as they reasonably appeared to the parties at the time of the tort committed.' *Peanut Co. v. R. R.,* 155 N. C., 152."

The record presents no reversible error, hence the judgment of nonsuit entered below must be upheld.

Affirmed.

CLARKSON, J., did not sit.