EVA HOWELL, BY HER NEXT FRIEND, VAN HOWELL, v. AMERICAN NATIONAL INSURANCE COMPANY.

(Filed 4 March, 1925.)

### 1. Insurance, Accident—Policies—Contracts—Issues.

Where the liability of an insurance company, in accordance with the terms of the policy contract, is made to depend upon whether the insured's death was wholly caused by an accident, it is proper for the trial court to refuse to submit an issue tendered by the defendant, insurer, as to whether the death was caused by a particular accident received in the course of the insured's employment of a certain corporation where a proper issue has been submitted.

### 2. Insurance, Accident — Insurable Interest — Payment of Premiums — Beneficiary—Policy—Contracts.

A person may take out a valid policy of insurance against death by accident on his own life, and pay the premiums thereon himself, and name as beneficiary one who has no beneficial interest in the life of the insured; and the principle that one without a beneficial interest may not take out a valid policy on the life of another applies when such other person pays the premiums, and has no application to the facts of this case.

### 3. Same — Application — Misrepresentation—Representations—Warranties—Statutes.

Under the terms of our statute, representations made in an application for life and accident insurance are representations and not warranties (C. S., 6289), and the misrepresentation of the relationship of a beneficiary to the insured in an application therefor, as a matter of law for the court, will not be held as material or such as affect the consideration of the company in the issuance of the policy. When the evidence is conflicting, a mixed question of law and fact arises for the jury, under a proper instruction from the court.

APPEAL by defendant from judgment rendered by *Sinclair, J.,* at January Term, 1925, of WASHINGTON.

On 29 September, 1920, defendant, in consideration of the statements made in a written application, signed by him, issued to John Walker a policy of insurance. In said application John Walker stated that his age, at nearest birthday, was thirty-three years, and that, in case of his death, the beneficiary should be Eva Howell, related to him as daughter. The policy provided indemnity for loss of life, limb, limbs, sight, or time, caused by accidental means, and for loss of time by sickness. Defendant agreed to pay to insured certain sums fixed by the terms of the policy for loss of limb, limbs, sight, or time. For loss of life, resulting directly and exclusively of all other causes from bodily injuries sustained solely through external, violent and accidental means, defendant agreed to pay to the beneficiary named the principal sum of five hundred dollars, with an increase of ten per centum for each consecutive

year's renewal of the policy. If beneficiary named did not survive insured, the indemnity for loss of life was payable to the executors or administrators of insured.

John Walker, the insured, died on 18 October, 1922, leaving surviving plaintiff, Eva Howell, named in the application as beneficiary of indemnity provided in the policy for loss of life. Summons in this action was issued on 27 April, 1923, and the action was tried at January Term, 1925, of the Superior Court of Washington County, before Judge Sinclair and a jury. The verdict was as follows:

1. Was John Walker's death the direct and exclusive result of bodily injuries sustained solely through external violence and accidental means? Answer: "Yes."

2. Was Eva Howell the daughter of John Walker, as stated by him in the application for the policy? Answer: "No."

3. Did the beneficiary, Eva Howell, have an insurable interest in the life of John Walker at the time the policy was issued? Answer: "No."

4. Did John Walker procure the policy of insurance and pay all premiums thereon as a gift to Eva Howell? Answer: "Yes."

5. In what amount, if any, is the defendant indebted to the plaintiff? Answer: "$550 and interest from 18 October, 1922."

From judgment in accordance with this verdict, defendant, having excepted thereto, appealed, assigning errors based upon exceptions.

*Horace V. Austin for plaintiff.*
*W. L. Whitley for defendant.*

CONNOR, J. Defendant, in apt time, tendered issues as set out in statement of case on appeal, and excepted to the refusal of the court to submit the same as tendered. Defendant also excepted to issue No. 1 and to issue No. 4, as submitted by the court. The issues submitted arose upon the pleadings, liberally construed, and the answers thereto were determinative of the matters in controversy between the parties. The first issue tendered would have unduly limited the right of plaintiff to recover in this action, as it was predicated upon the assumption that defendant was liable, under the policy, only in the event that the death of insured was the result of injuries caused by the Norfolk Southern Railroad Company. It is true that plaintiff alleges in her complaint that John Walker "was accidentally struck near Mackeys, N. C., by the Norfolk Southern train." Defendant, however, had insured John Walker "against death or disability resulting directly and exclusively of all other causes from bodily injury sustained solely through external, violent and accidental means," and had agreed that if loss of life should result solely from "such injury" it would pay to the beneficiary the amount provided in the policy as indemnity for such loss. If death

was the result of such injury, it was wholly immaterial whether the injury was caused by the Norfolk Southern Railroad Company or not. The issue submitted was in the identical language of the policy and embodied the essential fact alleged in the complaint.

Nor was there error in submitting issue No. 4. The right of the plaintiff to recover as beneficiary named in the application for the policy was not to be determined solely by whether or not she had an insurable interest in the life of John Walker, at the time the policy was issued. Assuming that the jury should answer issue No. 3 in the negative, as it did, it became material, under the law, to plaintiff's cause of action and to her right to recover, to determine whether or not insured procured the policy to be issued on his own life, and whether or not he paid the premium required to keep the policy in force. The issues submitted by his Honer were proper issues. There was no error in refusing to submit the issues tendered by defendant.

Defendant relies, chiefly, on this appeal, upon its contention that plaintiff cannot recover in this action (1) because she had no insurable interest in the life of John Walker at the date of the issuance of the policy under which she claims as beneficiary, and (2) because of the statement in the application by John Walker that she was his daughter, contending that this was a false statement of a fact material to the acceptance of the application and the issuance of the policy by defendant. These contentions are presented by defendant's motion for judgment as of nonsuit, to the refusal of which defendant excepted. There are other exceptions presenting these contentions. Assignments of error, based upon these exceptions, are discussed by counsel for defendant, in his brief, with full citation of authorities relied upon to sustain the exceptions and with his accustomed clearness of statement and intelligent comprehension of the principles of law involved.

These contentions of defendant cannot, however, be sustained. It is true that a contract of life insurance, not supported by an insurable interest, is held to be contrary to public policy, and void. Vance on Insurance, page 125. An insurable interest in the life of another has been defined to be "such an interest, arising from the relation of the party obtaining the insurance, either as creditor of or surety for the assured, or from ties of blood or marriage, to him as will justify a reasonable expectation of advantage or benefit from the continuance of his life." May on Insurance, sec. 102, cited and approved in *Trinity College v. Ins. Co.,* 113 N. C., 245. See *Albert v. Ins. Co.,* 122 N. C., 94; *Powell v. Dewey,* 123 N. C., 105; *Hinton v. Ins. Co.,* 135 N. C., 321; *Victor v. Mills,* 148 N. C., 116; *Hardy v. Ins. Co.,* 152 N. C., 291; *Life Ins. Clearing Co. v. O'Neill,* 54 L. R. A., 225, and note; *Warnock v. Davis,* 104 U. S., 779, 26 L. Ed., 926.

However, every person has an insurable interest in his own life, and may lawfully insure it for the benefit of his own estate, or in behalf of any other person. It is not necessary that such beneficiary shall possess an interest in the life insured. Vance on Insurance, page 125. *Albert v. Ins. Co.,* 122 N. C., 93. In *Hardy v. Ins. Co.,* 152 N. C., 286, *Justice Hoke,* writing for this Court, says: "We consider it, however, as established by the great weight of authority that where an insurant makes a contract with a company, taking out a policy on his own life for the benefit of himself or for his estate generally, or for the benefit of another, the policy being in good faith, and valid at its inception, the same may, with the assent of the company, be assigned to one not having an insurable interest in the life of the insured; provided, this assignment is in good faith and not a mere cloak or cover for a wagering contract." See *Pollock v. Household of Ruth,* 150 N. C., 211; *Johnson v. Ins. Co.,* 157 N. C., 107; *Wooten v. Order of Odd Fellows,* 176 N. C., 51.

Where the insured procures a policy of insurance on his own life, and pays the premiums himself, he may name as beneficiary, in the event of his death and of liability of the company for the loss thereby sustained, a person who has no insurable interest in his life, at the date of the issuance of the policy. The insurable interest covered by the policy is the interest which the insured has in his own life; the amount due by the terms of the policy is indemnity for the loss which the insured sustains by his death, and is payable to the beneficiary, not as an indemnity for his loss, by the death of the insured, but as a bounty in accordance with the direction of the insured. So, after the policy has been issued, payable to the estate of the insured, or to another, it may be assigned, subject to the provisions of the policy itself, to one who has no insurable interest in the life of the insured at the date of the assignment. It is only when a policy has been issued upon the life of another, upon application and for the benefit of one who has no insurable interest in the life insured, and who pays or undertakes to pay the premiums, that the policy is void as against public policy. Such a policy is a wagering transaction. So, although a policy of insurance be issued, payable to the estate of the insured, if at the inception of the contract, there is an agreement that it shall subsequently be assigned to one who has no insurable interest and who agrees to pay the premiums, the policy is void, for notwithstanding the form of the transaction, it is in fact a wager upon the life of another, and is therefore condemned by the law as against public policy; *Hinton v. Ins Co.,* 135 N. C., 321. A contract of insurance is primarily a contract for indemnity, and where there can be no loss there can be no indemnity.

In view of the law as thus declared, his Honor having instructed the jury, that if they found the facts to be as testified, they should

answer the third issue "No," it became material to ascertain whether or not John Walker procured the policy on his own life, and himself paid the premiums thereon. The learned judge properly submitted the fourth issue. We cannot sustain defendant's contention that there was no evidence upon which the jury could answer this issue in the affirmative. The testimony of Emma Howell was sufficient for that purpose. She testified that John Walker gave her the money and that she sent it to the defendant to pay the premiums. She is the mother of plaintiff, but the credibility of her testimony was for the jury. There is evidence corroborating her testimony. There was no error in the refusal of his Honor to allow the motion of nonsuit upon defendant's first contention.

John Walker, the insured, in his application for the policy of insurance, upon which this action was brought, designated plaintiff as beneficiary, in case of his death, and stated that she was his daughter. This was not a true statement. She is not related to him by blood or marriage. Defendant contends that the statement of the relationship of beneficiary to the insured was material, and being false, as appears by the evidence of plaintiff, rendered the policy void, at least so far as plaintiff's right to recover as beneficiary is involved. It is not contended that the statement was fraudulent; only that it was material, within the meaning of C. S., 6289.

Whether or not, the statement of relationship between insured, who procured the policy upon his own life, and paid the premiums thereon, designating as beneficiary, in case of death, one who had no present insurable interest in his life, and such beneficiary, was material under the facts of this case, is a question of law. The rule by which the materiality of a statement, made in an application for a policy of insurance is to be determined has been settled in this State. *Chief Justice Hoke*, in *Ins. Co. v. Box Co.,* 185 N. C., 543, says that "in authoritative cases, construing the law (C. S., 6289) it is held that every fact untruly asserted or wrongfully suppressed, must be regarded as material, if the knowledge or ignorance of it would naturally influence the judgment of the underwriter in making the contract at all, or in estimating the degree and character of the risk, or in fixing the rate of premium." *Schas v. Ins. Co.,* 166 N. C., 55; *Bryant v. Ins. Co.,* 147 N. C., 181; *Fishblate v. Fidelity Co.,* 140 N. C., 589.

In that case, insured stated in his application for the policy that he had never had spitting of blood, or Spanish influenza. Both statements were found by the jury to be false, but not fraudulent. This Court held that this was a material representation, and being false, the policy should be surrendered and canceled. "The statute itself and the general principles applicable are to the effect that fraud is not always essential, and that the contract will be avoided if statements are made and accepted

as inducements to the contract which are false and material." *Ins. Co. v. Woolen Mills,* 172 N. C., 534. The Court took judicial notice of the fact, very generally recognized, that spitting of blood always is regarded as a dangerous symptom, and that Spanish influenza has a tendency, at least for a period following the disease, to weaken the resisting powers of a patient. These facts would naturally call for a further and fuller investigation.

But whether a representation is material or not, is not always a question of law. It is sometimes a question of fact or rather, like the question of negligence, or reasonable time, a mixed question of law and fact. Where there is a controversy as to the facts, or where upon the facts admitted or found by the jury, the court cannot hold that knowledge or ignorance of them, upon all the facts in the particular case, would or would not naturally influence the judgment of the underwriter, in making the contract at all or in estimating the degree and character of the risk, or in fixing the rate of premiums, an appropriate issue should be submitted to the jury, in order that they may, upon competent evidence, determine whether or not the representation was material.

In *Hines v. Casualty Co.,* 172 N. C., 225, applicant for insurance policy represented that he was in sound condition, mentally and physically, with no exceptions at date of application. There was evidence that at this date, applicant had hernia, and the company contended, in defense to an action on the policy, that the statement that applicant was sound, physically, was false, and that such false statement was material. There was evidence as to the effect of the hernia upon the soundness of applicant's physical condition. Plaintiff testified that the hernia caused him no trouble and no suffering. An expert testified that in his opinion, the hernia would not affect applicant's health to any degree. The Court held that the issue involving the materiality of the representation was properly submitted to the jury. An instruction that whether plaintiff was in sound health or not was a matter for the jury to determine upon the evidence, depending upon the extent of the hernia and its effect upon the physical condition of the applicant, was approved.

In *Gardner v. Ins. Co.,* 163 N. C., 376, the submission of an issue as to whether a representation, which the jury found was false, was material or not was approved in opinion written by *Walker, J.,* who says: "Whether it (the representation) was material depends upon how, if at all, it would have influenced the company in deciding for itself, and in its own interest, the important question of accepting the risk and what rate of premium should be charged." See *Daugtridge v. R. R.,* 165 N. C., 188; *Hardy v. Ins. Co.,* 167 N. C., 23.

We have then for consideration the question whether the representation of the relationship between the applicant and the beneficiary was

material or not. Did the fact that the beneficiary was represented to be related to applicant as his daughter, naturally and reasonably influence the company to accept the application and to issue the policy in which she is designated as beneficiary in case of death? There is no controversy as to the facts involved in the consideration of this question.

Applicant states that his name is John Walker; that he is 33 years of age; that in case of his death, his beneficiary shall be Eva Howell, related to him as daughter. If the company had attached any importance to the relationship, it would have observed that Eva Howell, as daughter of John Walker, would have borne his name, unless she was married, and that the age of John Walker—33 years—made it improbable that he had a married daughter. It is significant that no information is sought from John Walker as to whether or not he was married.

The primary purpose of this policy was to provide indemnity to John Walker for loss of limb, limbs, sight or time, caused by accidental means, or loss of time caused by sickness. Only in the event of his death, caused by external, violent and accidental means, is provision made for the payment of the principal sum, as indemnity for loss of life, to Eva Howell as beneficiary, and then only if she survive him. If she does not survive insured, the indemnity is payable to the executors or administrators of insured.

The fact, which it is admitted was falsely represented, could not have added to or in any manner affected the risk involved. Liability of the company for the indemnity provided could arise only in the event that insured should die as the result of a bodily injury, sustained solely through external, violent and accidental means. Whether or not the beneficiary was the daughter of the applicant could not have naturally and reasonably influenced the company in accepting the application and issuing the policy.

Upon the uncontroverted facts in this case, his Honor was correct in holding that the false representation of the relationship between insured and beneficiary was, as a matter of law, immaterial. No explanation is suggested upon the record as to how this misrepresentation occurred. In any event it was immaterial, and there was no error in overruling motion for nonsuit upon the second contention of defendant.

The effect of a false statement as to relationship between insured and beneficiary, made in the application for a policy of insurance, does not seem to have been heretofore presented to this Court. In 14 R. C. L., page 1079, it is said that "Even where representations are made warranties, a misstatement as to relationship of the beneficiary does not, according to the better opinion, avoid the policy, though the contrary has been held." There are full citations to sustain the text.

In *Berdan v. Ins. Co.*, 136 Mich., 396, 4 Anno. Cas., 332, it was held that a false statement in an application for a policy of life insurance,

to the effect that the beneficiary named ·in the application is a nephew of applicant, there being in fact no blood relation between them, will not avoid the policy, notwithstanding a clause therein to the effect that misstatements in the application shall forfeit and annul all rights named in the policy. This holding is declared by the annotator to be contrary to the weight of authority. In the cases cited to sustain the note, the statement of relationship is treated as a warranty and not as a representation. Where the statement is, by virtue of a statute, as in this jurisdiction (C. S., 6289) not a warranty, but a representation, which does not avoid the policy, unless fraudulent or material, the authorities seem to be to the effect that the statement of relationship, certainly in the absence of allegation and proof to the contrary, is not material. See *Cunat v. Supreme Tribe of Ben Hur,* 249 Ill., 448, 34 L. R. A. (N. S.), 1192; *Goff v. Supreme Lodge,* 90 Neb., 578, 37 L. R. A. (N. S.), 1191.

Assignments of error not discussed in this opinion have been considered, and cannot be sustained. The judgment is affirmed. There is

No error.