SUSIE CRUMP v. SOUTHERN-DIXIE LIFE INSURANCE COMPANY.

(Filed 29 March, 1933.)

Insurance D b—Evidence that insured was half-sister of beneficiary held insufficient alone to establish insurable interest.

Evidence tending to show that the beneficiary to whom the policy of insurance was issued and who paid the premiums thereon was the half-sister of the insured, the insured being the illegitimate daughter of the beneficiary's father, is held insufficient, standing alone, to establish the beneficiary's insurable interest in the life of the insured, and the policy is void.

APPEAL by the defendant from *Moore, Special Judge,* at January Special Term, 1932, of WAKE. Reversed.

This is an action by the plaintiff as the beneficiary named therein to recover on a policy of insurance issued by the defendant on the life of Ellen Wilson, deceased.

The policy sued on was issued on 22 August, 1932. The insured, Ellen Wilson, died on 5 October, 1932. On 27 July, 1932, she was discharged from a hospital in the city of Raleigh, N. C., where she had been confined as a patient since 28 May, 1932. Before she was discharged from the hospital her physician informed the plaintiff, who had called to see her at the hospital, that Ellen Wilson was suffering from an incurable disease and that she could not get well. The evidence offered by the defendant showed that she had cancer of the liver, in the last stage, at the time she was discharged from the hospital.

The application for the policy was signed in the home of the plaintiff, in the city of Raleigh, on 8 August, 1932, Ellen Wilson was not present at the time the application was signed in her name. There was no evidence tending to show that she knew that the application for the policy would be made or that the policy would be issued. There was conflict in the evidence as to whether she was ever informed that the policy had been issued by the defendant. The policy was delivered to the plaintiff at her home, and remained in her possession at all times

thereafter until the death of Ellen Wilson. The first and all subsequent weekly premiums on the policy were paid by the plaintiff or by her husband.

The relationship of the insured, Ellen, Wilson, to the plaintiff, as stated in the application and in the policy was that of sister. At the trial, the plaintiff testified that she and Ellen Wilson had the same father, but did not have the same mother; that Ellen Wilson was the illegitimate child of plaintiff's father; and that she did not live in the home of the plaintiff at the time the policy was issued or at her death. Neither the plaintiff nor her husband attended the funeral of Ellen Wilson.

The issues submitted to the jury were answered as follows:

"1. Did Susie Crump fraudulently obtain the issuance of the policy of insurance sued on, as alleged by the defendant? Answer: No.

2. Did the insured, Ellen Wilson, die from a cancer as alleged by the defendant? Answer: No.

3. In what sum, if any, is the defendant indebted to the plaintiff? Answer: $132.50."

From judgment that plaintiff recover of the defendant the sum of $132.50 and the costs of the action, the defendant appealed to the Supreme Court.

*A. W. Crawley and Douglass & Douglass for plaintiff.*
*A. J. Fletcher for defendant.*

CONNOR, J. There was error in the refusal of the trial court to allow the motion of the defendant, at the close of all the evidence, for judgment as of nonsuit. All the evidence at the trial shows that the policy sued on was a wagering contract between the plaintiff and the defendant, and for that reason void. The plaintiff had no insurable interest in the life of the insured, Ellen Wilson. Conceding that her testimony was competent as evidence tending to show that Ellen Wilson was the illegitimate daughter of plaintiff's father, and, therefore, the natural half-sister of the plaintiff, this relationship alone was not sufficient to support the policy as a valid contract. See *Rogers v. Insurance Company* (S. C.), 133 S. E., 215, 45 A. L. R., 1172, and note.

A policy of insurance on the life of another issued to the beneficiary, who has no insurable interest in the life insured, is void, as against good morals and sound public policy, where the premiums are paid by the beneficiary. *Slade v. Ins. Co.,* 202 N. C., 315, 162 S. E., 734; *Hinton v. Ins. Co.,* 135 N. C., 314, 47 S. E., 474; *College v. Ins. Co.,* 113 N. C., 244, 18 S. E., 175. This action should be dismissed. To that end the judgment is

Reversed.