### J. C. PAYNE v. DR. D. A. STANTON.

(Filed 16 December, 1936.)

1. **Damages § 2—Charge held for error in failing to confine quantum of damages to injuries sustained as direct result of alleged negligence.**

    In this action to recover of a physician for alleged negligence in diagnosis and treatment of plaintiff's shoulder, which had been injured by a run-away mule, the charge of the court *is held* for error in inadvertently failing to confine the *quantum* of damages to the suffering and injury resulting from defendant's alleged negligence in diagnosis and treatment, and in embracing in the *quantum* of damages recoverable the suffering and injury caused by the injury inflicted by the run-away mule, plaintiff being entitled to recover, if at all, only for those injuries which proximately and naturally resulted from the wrong complained of.

2. **Appeal and Error § 46—**

    Where a new trial is awarded for error in the instructions on the issue of damages, alleged error in the instructions on the issue of negligence need not be decided.

STACY, C. J., dissents.

CONNOR, J., concurring in part and dissenting in part.

APPEAL by defendant from *Cowper, Special Judge,* at July Term, 1936, of RANDOLPH. New trial.

Action to recover damages for negligence on the part of defendant, a practicing physician, upon allegations of failure to properly diagnose and treat plaintiff's dislocated shoulder. The injury to the plaintiff's shoulder was caused by a run-away mule.

The allegations of negligence were denied in the answer. Upon issues submitted to the jury, there was verdict for the plaintiff, and from judgment in accord therewith defendant appealed.

*York & York and Moser & Miller for plaintiff, appellee.*
*D. H. Parsons and J. A. Spence for defendant, appellant.*

DEVIN, J.    The evidence offered in support of plaintiff's allegations of negligence was sufficient to entitle him to have it submitted to the jury, its probative force being for them to determine.

Appellant, however, assigns as error certain portions of the court's charge to the jury. He notes exceptions to the following portions of the charge on the issue of damages:

"Plaintiff is to have a reasonable satisfaction, if he is entitled to recover at all, for loss of both bodily and mental powers, or for actual suffering, both of body and mind, which are the immediate and necessary consequences of his injury. And, gentlemen of the jury, it is for the jury to say, under all the circumstances, what is a fair and reasonable sum that the defendant should pay to the plaintiff by way of compensation for the injuries sustained, if the plaintiff is entitled to recover at all."

"If the jury shall find, by the greater weight of the evidence, that the injuries to the plaintiff be permanent and continuous in their nature, there is no fixed date upon which they all occurred, and, respecting the damages, if any, which may accrue, in the future, the plaintiff can only be awarded the present cash value or the present worth of such damages; for if the jury assess any prospective damages, the plaintiff is being paid now in advance for future loss. The sum fixed by the jury, if you come to this issue, should be such as fairly compensates the plaintiff for injuries suffered in the past and for those likely to occur in the future, that is, if the jury shall so find injuries in the future. The verdict is to be rendered on the basis of a cash settlement for plaintiff's injuries, past, present, and prospective, if you find from the evidence, and by its greater weight, that there are future and prospective damages to which the plaintiff is entitled."

It is apparent that the court in this portion of his charge inadvertently omitted to distinguish injuries and sufferings resulting from the violent action of the run-away mule from those resulting from the failure of the defendant to exercise due care in the subsequent treatment. The instructions allowed the jury to consider as an element of damages all the injuries suffered by plaintiff, and permitted them to award compensation for all loss and suffering endured by him, whether caused by the mule or by defendant's negligence.

If plaintiff was entitled to recover anything, he was entitled to recover compensation only for those injuries which proximately resulted from defendant's negligent treatment. Only such damages are allowable as are the natural and proximate consequence of the wrong complained of. *Newbold v. Fertilizer Co.,* 199 N. C., 552; *Lane v. R. R.,* 192 N. C., 287; *Van Dyke v. Chadwick-Hoskins Co.,* 187 N. C., 695; *Johnson v. R. R.,* 184 N. C., 101.

The appellant's exception to this portion of the charge must be sustained.

The defendant also assigns as error a portion of the charge to the jury on the first issue. He complains that in the portion of the charge in which the court undertook to set out in detail what facts evidencing negligence the jury must find before they could answer the first issue in favor of the plaintiff, he omitted to instruct them that the negligence of the defendant in the respects alleged must be found, by the greater weight of the testimony, to have been the proximate cause of the injury complained of.

However, the record shows that in another portion of the charge the court stated generally the elements of actionable negligence and properly defined "proximate cause" as necessary to be found to establish plaintiff's cause of action.

Whether this was sufficient to constitute inconsistent instruction and to call for the application of the rule laid down in *Young v. Commissioners,* 190 N. C., 845, and cases there cited, it is unnecessary to decide, as there must be a new trial for the error in the charge on the third issue, as hereinbefore pointed out.

New trial.

STACY, C. J., dissents.

CONNOR, J., without conceding that there was evidence at the trial of this action sufficient to support the allegations in the complaint that plaintiff was injured by the negligence of the defendant, as alleged in the complaint, concurs in the opinion of the Court that there was error in the charge of the trial judge to the jury for which the defendant is entitled to a new trial. He was of opinion that there was error in the refusal of the trial court to allow defendant's motion for judgment as of nonsuit, at the close of all the evidence.