EUGENE WEBB v. IMPERIAL LIFE INSURANCE COMPANY, INC.

(Filed 16 June, 1939.)

1. **Insurance § 26—Brothers have insurable interest in lives of each other.**

   The ties of blood alone are sufficient to give brothers an insurable interest in the life of each other, the relationship being sufficient to give each a natural desire for the continued life of the other, and therefore it is not against public policy for one brother to take out and pay for a policy on the life of the other and have himself named beneficiary therein, and such contract is valid in the absence of fraud.

2. **Insurance §§ 13, 39—Insurer's liability is limited by the policy provisions.**

   The policy in suit provided that it should not cover injury or death suffered by insured while having "in his body, physically present, intoxicating liquor." *Held:* An instruction to the effect that insurer would be entitled to avoid the policy under this exception if insurer satisfied the jury by the greater weight of the evidence that at the time of the fatal accident insured had in his body intoxicating liquor to an extent sufficient to appreciably affect his mental or bodily faculties to any degree, however slight, is error, insurer being entitled to avoid the policy under its specific terms if insured had physically present in his body at the time any intoxicating liquor, regardless to whether he was intoxicated or not.

APPEAL by defendant from *Cowper, Special Judge,* at November Term, 1938, of DURHAM. New trial.

This was an action upon a policy of life and accident insurance. The issuance of the policy, the payment of premiums, and the accidental death of the insured, Charles Webb, as result of being struck by an automobile, were admitted. Plaintiff is the beneficiary named in the policy. Defendant set up as defense want of insurable interest on part of plaintiff, and breach of condition in the policy as to intoxicating liquor on the part of the insured.

Upon issues submitted to the jury there was verdict for plaintiff, and from judgment thereon defendant appealed.

*Victor S. Bryant and John D. McConnell for plaintiff.*
*R. M. Gantt for defendant.*

DEVIN, J. Two questions are presented by this appeal: (1) Did the plaintiff have an insurable interest in the life of the insured? (2) Was there error in the charge of the court relative to intoxicating liquor?

1. It was admitted that the plaintiff and the insured were brothers, and that the defendant executed and delivered the policy to the plaintiff

who paid the premiums thereon. It was also in evidence, uncontradicted, that the insured was married and had children, that the relation between the brothers was cordial and brotherly, and that the plaintiff had aided in the support of the insured during a recent illness. The trial judge charged the jury if they found the facts to be as testified to answer the issue addressed to the question of insurable interest in favor of the plaintiff. This is assigned as error.

Does one have an insurable interest in the life of his brother by virtue of that relationship alone? We do not find a definite answer to that question among the decided cases in this jurisdiction. The nearest approach was in *Crump v. Ins. Co.,* 204 N. C., 439, 168 S. E., 514, where it was held that the plaintiff in that case had no insurable interest in the life of the illegitimate daughter of plaintiff's father. In *Howell v. Ins. Co.,* 189 N. C., 212, 126 S. E., 603, citing Vance on Insurance, 147, insurable interest is defined as follows: "An insurable interest in the life of another has been defined to be 'such an interest, arising from the relation of the party obtaining the insurance, either as creditor of or surety for the assured, or from ties of blood or marriage, to him as will justify a reasonable expectation of advantage or benefit from the continuance of his life.'" May on Ins., sec. 102a; *Trinity College v. Ins. Co.,* 113 N. C., 244, 18 S. E., 175; *Hinton v. Ins. Co.,* 135 N. C., 314, 47 S. E., 474; *Slade v. Ins. Co.,* 202 N. C., 315, 162 S. E., 734.

The authorities from other jurisdictions where the point has been decided are not in harmony. 14 R. C. L., 923; 37 C. J., 393. The rule prevails in some states that in order to constitute insurable interest there must be some expectation of pecuniary advantages in addition to ties of blood. This seems to have been derived from the early English statute (14 Geo. III, c. 48), prohibiting wager policies. It has been held according to this doctrine that, in cases where the relationship of brother is established, an insurable interest, which will take the insurance policy out of the class of wagering contracts, is such an interest arising from ties of blood as will justify a reasonable expectation of advantage or benefit from the continuance of the life of the assured, though it is not necessary that the expectation of benefit should be always capable of pecuniary estimation. This is the principle stated in *Warnock v. Davis,* 104 U. S., 779, and followed in *Life Insurance Clearing Co. v. O'Neill,* 106 Fed., 800, 54 L. R. A., 225. To the same effect is *Abernathy v. Springfield Mut. Assn.,* 284 S. W., 198; *Miller v. Ins. Co.,* 81 Ind. App., 618; *Lewis v. Ins. Co.,* 39 Conn., 100; *Lee v. Equitable Life Assurance Soc.,* 195 Mo. App., 40; *Locher v. Kuechenmiester,* 120 Mo. App., 701; *Lord v. Dall,* 12 Mass., 115.

But we think the better reasoning supports the view that the close relationship by ties of blood between brothers is alone sufficient to con-

stitute insurable interest even when the beneficiary takes out the policy and pays the premiums thereon. One of the leading cases upholding this principle is *Ætna Life Ins. Co. v. France,* 94 U. S., 561, where it was said: "But as between brother and sister . . . presumed to be actuated by 'considerations of strong morals and the force of natural affection between near kindred operating often more efficaciously than those of positive law' the case is divested of that gambling aspect which is presented where there is nothing but a speculative interest in the death of another without any interest in his life to counterbalance it."

From the well considered case of *Rogers v. Atlantic Life Ins. Co.,* 135 S. C., 89, 133 S. E., 215, 45 A. L. R., 1172, holding that the mere relationship of brothers was sufficient to constitute an insurable interest, we quote the following language: "While in some jurisdictions it is held that a brother has no insurable interest in the life of his brother by reason of kinship alone, it does not seem unreasonable or against public policy, but more in keeping with an enlightened humanitarian view, that such insurable interest should exist, at least where the brother whose life is insured agrees to, and collaborates with the other in securing, the insurance. The natural laws of kinship and blood, the ties of affection and friendship which ordinarily exist between brother and brother, negative the idea and belief that one would desire the removal of the other by reason of the existence of such insurance." To the same effect is the holding in *Crosswell v. Connecticut Indemnity Assn.,* 51 S. C., 114.

In *Century Life Ins. Co. v. Custer,* 178 Ark., 304, 61 A. L. R., 914, where this question was considered for the first time by that Court, it was held that brothers have an insurable interest in the lives of each other by virtue of the relationship alone, citing in support of the doctrine *Ætna Life Ins. Co. v. France, supra; Hosmer v. Welch,* 107 Mich., 470; *Williams v. Fletcher,* 26 Tex. Civ. App., 85; *Trenton Mut. L. & F. Ins. Co. v. Johnson,* 24 N. J. L., 576; *Lane v. Lane,* 99 Tenn., 639; *Goodwin v. Mass. Mut. Life Ins. Co.,* 73 N. Y., 480; *Equitable Life Ins. Co. v. Hazelwood,* 75 Tex., 338; *Hahn v. Supreme Lodge, Pathfinder,* 136 Ky., 823. In the last cited case it was held that the relationship of brother to brother was so close as to preclude the idea of mercenary motives or wagering contract, and that the element of pecuniary consideration was not essential to sustain the validity of the policy. *Wood v. Wood,* 130 Ky., 162; *Hess v. Segenfelter,* 127 Ky., 348.

In *In re Phillips,* 238 Pa., 423, it was said: "The affection naturally to be regarded as prevailing between brothers and sisters, and the well grounded expectation that, in case of need, they will render each other pecuniary aid, is considered sufficient to support an insurable interest."

In the instant case there was no evidence or suggestion of fraud. The

defendant issued the policy and received the premiums. There is no reason to invalidate the contract on any ground of public policy. Hence, we conclude that for the reasons hereinbefore stated, and under the authorities cited, the instructions given by the trial judge to the jury that the evidence, if accepted as true, was sufficient to warrant the finding that the plaintiff had an insurable interest in the life of his brother, was in all respects proper.

2. Was there error in the charge of the court relative to intoxicating liquor?

The policy in suit contains this provision: "The policy does not cover . . . any injury or death which the insured may suffer while the insured has in his or her body, physically present, intoxicating liquor or narcotics." There was evidence offered by defendant tending to show that at the time of his death the insured had consumed intoxicating liquor and was intoxicated. Plaintiff's evidence tended to show the contrary. The trial judge in charging the jury upon the issue whether the insured had physically present in his body intoxicating liquor at the time of his injury and death, defined the meaning of intoxicating liquor and being intoxicated, and used this language: "The court further instructs you that an intoxicated person is a drunken person, a drunken person is an intoxicated person and that means—intoxicated means in law that the subject must have drunk of alcohol to such an extent as to appreciably affect and impair his mental or bodily faculties or both. The court instructs you further that to be under the influence or affected by the liquor means that the subject must have drunk a sufficient quantity to influence or affect, however slightly, his body and his mind, his mental and physical faculties, in other words, it all comes to this, that he has drunk, that he has intoxicating liquor in his body to the effect that it influences his conduct detrimentally. It means the question for you is whether the deceased at the time of his impact and death had in his body intoxicating liquor of sufficient quantity to be intoxicated or to affect his conduct and influence his conduct and action."

The court further instructed the jury: "The question for you is whether the deceased at the time of the impact and death had in his body intoxicating liquor of sufficient quantity to be intoxicated or to affect and influence his conduct and action."

The court further instructed the jury to answer the issue in favor of defendant if they found by the greater weight of the evidence that the deceased had present in his body at the time of the injury "intoxicating liquor as the court has just defined and explained intoxicating liquor"; and again, if they found the deceased "was under the influence of alcohol or intoxicating liquor." While the court followed this by charging the jury to answer the issue in favor of defendant if they found deceased

"had present in his body intoxicating liquor," this did not cure the previous instruction. Thus the learned judge inadvertently placed upon the defendant the burden not only to show the physical presence of intoxicating liquor in the body of the insured at the time of the injury, but also to show that he was intoxicated or under the influence of intoxicating liquor. The defendant by the language of the policy excluded from its coverage injury suffered by the insured while he had present in his body intoxicating liquor. This was the contract between the parties, and the defendant was entitled to avoid liability upon proof that the insured had in his body, physically present, any quantity of intoxicating liquor, regardless of whether he thereby became intoxicated or not. The defendant was entitled to have the instruction to the jury confined to the language of the policy. *Payne v. Stanton,* 211 N. C., 43, 188 S. E., 629.

The defendant's exceptions to the charge in the respects noted must be sustained, necessitating a

New trial.